The declaration in this case sets forth that the said plaintiff was duly appointed a member of the fire department of the District of Columbia, to hold office daring good behavior, and entered upon the discharge of his duties as such, and continued faithfully to discharge said duties and to receive pay therefor until the 1st day of February, 1874, and held himself ready and offered to perform his said duties for the months of February and March, 1874; but the said defendant, on the 30th day of January, 1874, notified him that he had been dismissed from said service, to take effect February 1,1874. Said dismissal was made without any notification of charges against the plaintiff or any trial thereon, or any opportunity to show cause why he should not be so dismissed, and was without authority of law and void, whereby the defendant became indebted to the plaintiff for the amount of his salary for the months of February and March, 1874, at the rate of $60 per month, but did not pay the same; and the plaintiff claims $120, with interest from the 1st day of April, 1874, besides the costs of this suit.
The defendant demurred to the declaration on the following grounds:
1. The declaration does not aver that plain tiff, before entering upon his alleged official duties, had qualified himself by taking and subscribing the oath of office required by law.
2. The declaration does not aver that plaintiff performed ■the duties of his alleged office for the months of February and March, 1874, for which he sues; or that defendant prevented him from performing the same.
Riddle & Miller, for plaintiff.
William. Birney, for defendant.
3. The plaintiff does not sufficiently aver his readiness and offer to perform said duties, and defendant’s refusal to accept the same.
4. Plaintiff’s proper remedy was by mandamus, if he had a clear legal right to the office, and it was not filled at the commencement of the suit; and by quo loarranto, if the office had been filled, and was so at the time.
The declaration is defective in that it contains no averment as to whether the office was then filled or not.
The thirty-fifth section of the act of the Legislative Assembly, approved August 13,1871, confers authority upon the Board of Fire Commissioners of the cities of "Washington and Georgetown to appoint members of the fire department, who shall hold their places during good behavior, and who may be fined, suspended, or expelled upon the trial of charges, of which they are to have written notice. And the second section of the act of June 26, 1873, which provides for the salaries of ’the fire department and the other District officers, enacts that in no case shall any part of these salaries be paid unless the duties of the several officers shall be actually performed. The ease was certified to be heard at the general' term in the first instance.
The court did not express an opinion whether the act of the Legislative Assembly first above referred to was a limitation upon the power of removal, but they were unanimous in holding that, even conceding this to be so,, the statutory provision, that in no case should the salaries be paid unless the duties were actually performed, was an absolute prohibition, which operated to qualify the claim of the plaintiff for payment, whether he was removed for cause or not, in case he failed from any cause to perform the duties of his appointment. The plaintiff must therefore adopt some other form of remedy, for it is clear that he cannot maintain a personal action for . his monthly salary. Demurrer sustained.